UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DION LEE MARTINEZ,

    Plaintiff,

    v.

RACHEL PICKERING,

    Defendant.

Case No. 22-cv-4027-JWB-RES

## MEMORANDUM AND ORDER

On April 28, 2022, pro se Plaintiff Dion Lee Martinez filed a complaint against Defendant Rachel Pickering, a Shawnee County District Judge. Plaintiff moved for leave to proceed *in forma pauperis*, which was granted on April 29, 2022. *See* ECF Nos. 2 & 3. Plaintiff subsequently filed three motions: Motion to Appoint Counsel, ECF No. 5; Motion for Leave to File Exhibits Conventionally, ECF No. 6; and a Motion for Relief, ECF No. 7.

For the reasons explained below, the Court denies all three Motions.

### I.  BACKGROUND

On April 28, 2022, Plaintiff filed his complaint using this District's form for pro se litigants. He alleges Defendant:

> Violated rules of court, failed to follow procedures of court, appointed me counsel that fail to act in professional conduct and withdraw from case without follow rules of court, filed petition without follow any of rules in doing that, corrupted court by action she and other parties have acted in code of conduct and ethics did not act in the color of laws and justice.

ECF No. 1 at 3, § III. Plaintiff's allegations center around his daughter's child in need of care ("CINC") proceedings. *See, e.g.*, ECF No. 1-1 at 53-85. Plaintiff primarily seeks the return of his daughter. ECF No. 1 at 4.

Plaintiff previously filed a lawsuit in this District seeking similar relief based on nearly identical allegations of both law and fact against many defendants, including Defendant Pickering. *See Martinez v. Pickering*, No. 21-4083-JAR-ADM (D. Kan.).  That action was dismissed both for a lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. *See id.*, ECF Nos. 7 (Dec. 8, 2021) (Report and Recommendation), 15 (Feb. 28, 2022) (Judgment adopting the Report and Recommendation).

Based on the complaint filed in this action, Plaintiff similarly fails to allege the existence of subject matter jurisdiction.  On May 10, 2022, the Court ordered Plaintiff to show cause why the Magistrate Judge should not recommend that the District Judge dismiss this case for lack of subject matter jurisdiction.  ECF No. 8.  Plaintiff has until May 30, 2022, to respond to the show cause order.  *Id.*

One day prior to the show cause order, Plaintiff filed three motions: Motion to Appoint Counsel, ECF No. 5; Motion for Leave to File Exhibits Conventionally, ECF No. 6; and Motion for Relief to have his daughter returned home, ECF No. 7.

Regarding the request to appoint counsel, Plaintiff used this District's form motion for appointment of counsel.  *See* ECF No. 5 at 1.  The form states that the "court typically requires that before seeking an appointed attorney, a plaintiff <u>confer with</u> (not merely contact) at least five attorneys regarding legal representation" and the form requires a "detailed description of the efforts that the [movant] made to obtain representation, and the responses" received by the movant.  *Id.* at 2 (emphasis original).

On the form, Plaintiff lists five individuals or entities he purportedly contacted for representation on the following dates: John Paul Washburn, no contact date provided; Kansas Legal Services on January 1, 2021; the "ABA," which presumably refers to the American Bar

Association, on January 1, 2021; Jennifer Berger on September 25, 2020; and Strange Law, no contact date provided. *Id.* at 2-3. Plaintiff does not list the address or method of contact for any of these individuals or entities.

In his previous lawsuit, Plaintiff also filed a motion to appoint counsel. *Martinez*, No. 21-4083-JAR-ADM, ECF No. 4 (D. Kan. Nov. 19, 2021). In that motion, Plaintiff stated that he contacted: John Washburn on August 5, 2021; Strange Law, no date of contact provided; Kansas Legal Services on June 1, 2021; Travis Harod on March 12, 2021; and Kansas Bar on "10-21." *Id.* at 2-3. The dates provided in these two motions are inconsistent and, considering the contact dates in the motion filed in this lawsuit all pre-date the filing of his original lawsuit, indicate that Plaintiff likely contacted these attorneys/entities as a part of his original lawsuit, *not* this new lawsuit.

Plaintiff additionally fails to provide a detailed description of his efforts. Plaintiff lists the name of John Paul Washburn with no additional detail. *Id.* at 2. For Kansas Legal Services and the ABA, Plaintiff only states that they "said [they] don't take cases like mine." *Id.* Plaintiff states Jennifer Berger's response was she would not take the case. *Id.* at 3. Finally, Plaintiff states that Strange Law's response was that Plaintiff "need[ed] more money." *Id.*

## II.   PLAINTIFF'S MOTION TO APPOINT COUNSEL

### A.   Legal Standard

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse,* 417 F.2d 504, 505 (10th Cir. 1969)). In cases where a plaintiff has been granted *in forma pauperis* status, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, 883 n.9 (10th Cir. 2010) (citation omitted); *see also Williams v. Meese*,

926 F.2d 994, 996 (10th Cir. 1991) (district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(d)).  As indicated on this District's template motion for appointment of counsel form, "[w]hile the court <u>may</u> appoint an attorney . . . it does so only in rare cases."  ECF No. 5 at 1 (emphasis original); *see also Blain v. Wyandotte Cnty. Det. Ctr.*, No. 20-CV-4043-JWB-TJJ, 2020 WL 7265187, at *1 (D. Kan. Oct. 16, 2020) ("This Court rarely grants motions for appointment of counsel in civil cases brought by pro se litigants.").

When considering the appointment of counsel for an unrepresented civil litigant, the court should consider the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  The court also considers "whether the party has made a diligent effort to retain an attorney."  *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020) (citation omitted).  "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments."  *Dwerlkotte v. Mitchell*, No. 5:21-CV-3264-DDC-KGG, 2022 WL 293242, at *2 (D. Kan. Feb. 1, 2022).  The "indiscriminate appointment of volunteer counsel to undeserving claims," however, wastes precious recourses and may discourage attorneys from donating their time.  *Id.* (citing *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

### B. Discussion of Elements to Appoint Counsel

The Court first addresses Plaintiff's diligence in attempting to obtain counsel. Plaintiff must show he "made a reasonably diligent effort under the circumstances to obtain an attorney." ECF No. 5 at 1-2.  The Court typically requires a plaintiff to "confer with (not merely contact) at least five attorneys."  *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D.

4

Kan. Sept. 28, 2021) (citing *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at 2 (D. Kan. 1997) (holding that plaintiff must actually make an effort to ascertain whether an attorney will take a case, mere pretense of contact is not enough)); *see also* ECF No. 5 at 2.

Plaintiff fails to establish that he made reasonably diligent efforts to obtain an attorney for this lawsuit. The last time Plaintiff made any effort to retain counsel appears to be January 1, 2021, nearly a year and a half ago. *Id.* Plaintiff states that he contacted John Paul Washburn for representation, but that is the same person he accuses of committing fraud in his daughter's CINC of care proceedings. *See, e.g.,* ECF No. 1-1 at 33, 36, 43, 79, 152. Plaintiff also named Mr. Washburn as a defendant in his previous lawsuit. *See Martinez*, No. 21-4083-JAR-ADM, ECF No. 1 at 8. Plaintiff's decision to contact Mr. Washburn to represent him in a lawsuit in which Plaintiff simultaneously alleges he is at fault is not a reasonable effort to retain counsel. But even if it had been reasonable, Plaintiff does not provide the factual information required by the form, including the dates he contacted Mr. Washburn or his efforts to confer with Mr. Washburn regarding legal representation in this case. Plaintiff similarly fails to provide that necessary detail for the other individuals/entities he contacted. As such, Plaintiff has failed to show he made a reasonably diligent effort to secure an attorney.

Even if Plaintiff had diligently attempted to obtain counsel, the remaining factors weigh heavily against appointing counsel. *First*, regarding the merits of Plaintiff's case, "[t]he burden is on the applicant to convince the court that there is sufficient merit to [their] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). As mentioned above, Plaintiff's previously filed lawsuit was dismissed both for a lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. *See Martinez*, No. 21-4083-JAR-ADM, ECF Nos. 7, 15.

Plaintiff's new complaint raises the same concerns, and this Court already ordered Plaintiff to show cause why this lawsuit should not be dismissed for a lack of subject matter jurisdiction. ECF No. 8; *see also Vazquez v. Gomez*, No. 21-1263-HLT-GEB, 2021 WL 5648025, at *2 (D. Kan. Dec. 1, 2021) (plaintiff was ordered to show cause for why case should not be dismissed for lack of subject matter jurisdiction and as such, court was unable to evaluate the merits of the plaintiff's claims); *Williams*, 2021 WL 4439445, at *2 (Plaintiff ordered to show cause for why case should not be for failure to state a claim. As such, the court was unable to "fully evaluate the merits of Plaintiff's claims given the information currently presented in his Complaint."). The Court has reviewed Plaintiff's latest complaint and doubts that Plaintiff brings viable claims or relief this Court can grant.[1]

*Second*, the factual and legal issues in this case are not complex. *See, e.g.*, *McCarthy*, 753 F.2d at 839 (plaintiff should have been appointed counsel in case involving medical issues which required the presentation of expert opinions and evidence regarding the treatment of multiple sclerosis); *McCoy v. Meyers*, No. 12-3160-CM-GLR, 2016 WL 305365, at *2 (D. Kan. Jan. 26, 2016) (issues in the case were sufficiently complex because they involved the application of the *Heck* doctrine, qualified immunity, and issue preclusion). Highly summarized, Plaintiff's case centers around the validity of his daughter's CINC proceedings. Plaintiff's claims are only against one Defendant and do not appear to depend upon the examination of any experts. Plaintiff does not demonstrate how his case is unique or unusually complicated such that the appointment of counsel is warranted.

---

[1] To be clear, the Court is not ruling on the ultimate merits of this case, but only reviewing them as they relate to Plaintiff's motion to appoint counsel.

*Third*, regarding Plaintiff's capacity to prepare and present the case without the aid of counsel, merely alleging that counsel could assist in presenting the "strongest possible case" is not a proper basis for granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008). Plaintiff "has not demonstrated any reason why he is unable to adequately present the case on his own." *Williams*, 2021 WL 4439445, at *2. Plaintiff does not include in his motion any special circumstances that would indicate he is unable to present his claims. *Id.* (citing *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008) (plaintiff filed several motions as well as a detailed amended complaint, which indicated plaintiff was able to adequately communicate with the court)); *see also Cruz-McCoy v. Topeka Rescue Mission*, No. 20-1274-HLT-KGG, 2020 WL 7042597, at *1 (D. Kan. Dec. 1, 2020) (plaintiff's ability to gather and present crucial facts was impaired because she was blind and developmentally disabled).

To the contrary, Plaintiff has already filed several motions, and his complaint includes citations to federal and state statutes, as well as caselaw. *See Phamm*, 2008 WL 631263, at *3 (court denied plaintiff's first motion to appoint counsel because the pleadings submitted by plaintiff include legal citations, which evidenced that plaintiff could present his claims). The Court does not doubt that a trained attorney would handle this case more effectively, but this fact alone does not warrant appointment of counsel. Under the circumstances, the factors weigh against appointing counsel for Plaintiff and therefore the motion is denied.

### III.    PLAINTIFF'S TWO ADDITIONAL MOTIONS

In addition to his request for appointed counsel, Plaintiff filed two other motions: Motion for Leave to File Exhibits Conventionally, ECF No. 6; and a Motion for Relief, ECF No. 7. Both motions are denied as well.

Local Rule 5.4.5(b)(1) requires a party to file only "those excerpts of the referenced documents that are directly germane to the matter before the court." Local Rule 5.4.5(a) expresses the clear preference that all documents be filed electronically, not conventionally, unless the Administrative Procedures Guide or the court permits conventional filing. The Administrative Procedures allow for conventional filing only if an exhibit "attached to any particular document exceed[s] a total of 50 megabytes[.]" Administrative Proc. for Filing, Signing, and Verifying Pleadings & Papers by Electronic Means in Civil Cases, § IV(B). The Administrative Guidelines then specify that the filer must "prepare an exhibit index and file the index as an attachment to the main document." *Id.*

Plaintiff's motion does not specify what documents he wants to file conventionally. Moreover, other than asserting that conventional filing will "make it easier to read and understand" these unspecified documents, there is no basis for why conventional filing is necessary. As detailed in the Order to Show Cause, Plaintiff already improperly filed 306 pages of exhibits along with his complaint in violation of the Rules of this Court. *See* ECF No. 8 at 3. Plaintiff's motion, regardless of whether it is seeking to conventionally file the documents previously filed with his complaint or other, unspecified documents, is denied.

Finally, the Court denies Plaintiff's Motion for Relief. This motion is entirely duplicative of and seeks the exact same relief sought in Plaintiff's complaint. Because this motion is duplicative of the complaint and the Court likely lacks subject matter jurisdiction over this entire case as reflected in the Notice and Order to Show Cause, the Court denies the motion.

## IV. CONCLUSION

For the reasons explained above, Plaintiff's Motion to Appoint Counsel, ECF No. 5, Motion for Leave to File Exhibits Conventionally, ECF No. 6, and Motion for Relief, ECF No. 7, are all **DENIED**.

**IT IS SO ORDERED.**

Dated: May 20, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge