# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DION LEE MARTINEZ,

    Plaintiff,

    v.

RACHEL PICKERING,

    Defendant.

Case No. 22-cv-4027-JWB-RES

## REPORT AND RECOMMENDATION

On May 10, 2022, the Court ordered Plaintiff Dion Lee Martinez to show cause why the Magistrate Judge should not recommend that the District Judge dismiss this case for a lack of subject-matter jurisdiction. ECF No. 8. On May 31, 2022, Plaintiff filed his response. ECF No. 10. For the reasons explained below, the Court now recommends that the District Judge dismiss this case under Fed. R. Civ. P 12(h)(3) for a lack of subject-matter jurisdiction.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit arises out of pro se Plaintiff Dion Lee Martinez's newest complaint against Defendant Rachel Pickering, a Shawnee County District Judge, pertaining to his daughter's child in need of care ("CINC") proceedings in state court pursuant to K.S.A. § 38-2201 *et seq*. Mr. Martinez previously filed a lawsuit in this District seeking similar relief based on nearly identical allegations of both law and fact against a large number of defendants, including Defendant Pickering. *See Martinez v. Pickering*, No. 21-4083-JAR-ADM (D. Kan.). That action was dismissed both for a lack of subject-matter jurisdiction and for failure to state a claim on which relief may be granted. *See id.*, ECF Nos. 7 (Dec. 8, 2021) (Report and Recommendation), 15 (Feb. 28, 2022) (Judgment adopting the Report and Recommendation).

On April 28, 2022, Mr. Martinez filed this action naming only Defendant Pickering. ECF No. 1. As explained in detail in the Show Cause Order, just as in the previous lawsuit, Mr. Martinez's Complaint on its face did not properly invoke either federal-question or diversity jurisdiction. *See generally* ECF No. 8. Mr. Martinez's response to the Show Cause Order does not cure these deficiencies or otherwise establish his right to proceed in federal court and as such, the Court recommends the District Judge dismiss his case for a lack of subject-matter jurisdiction.

## II.   MR. MARTINEZ BEARS THE BURDEN OF ESTABLISHING JURISDICTION TO PROCEED IN FEDERAL COURT.

The Court has an independent obligation to confirm the existence of subject-matter jurisdiction. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If the Court determines that it lacks subject matter jurisdiction, it "must dismiss the cause at any stage of the proceedings." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cr. 1991); *see also* Fed. R. Civ. P. 12(h)(3) (same). "Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and 'the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Washington v. Howard*, No. 21-1117-JWB, 2022 WL 355245, at *1 (D. Kan. Feb. 7, 2022) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the jurisdiction of federal courts is limited, there is a presumption against the exercise of federal jurisdiction." (internal quotation marks omitted)); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

Mr. Martinez, as the Plaintiff asserting a right to be in federal court, bears the burden to allege facts in the complaint to show that his lawsuit should proceed in federal court. Because Mr. Martinez proceeds pro se, his pleadings must be liberally construed. *Hall v. Bellmon*, 935 F.2d

2

1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the pro se litigant." *Id.* "[L]iberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf." *Washington*, 2022 WL 355245, at *2. Pro se parties are not "relieved from complying with the rules of the court or facing the consequences of noncompliance." *Adkins v. Koduri*, No. 16-CV-4134-DDC-KGS, 2016 WL 5745550, at *2 (D. Kan. Oct. 3, 2016), *aff'd,* 688 F. App'x 589 (10th Cir. 2017) (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

"To proceed in federal court, a plaintiff ordinarily must show the existence of either diversity jurisdiction under 28 U.S.C. § 1332 or federal-question jurisdiction under 28 U.S.C. § 1331." *Tyree v. Williams*, No. 18-1292-JWB-GEB, 2019 WL 1255265, at *1 (D. Kan. Mar. 19, 2019) (citing *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003)). As discussed below, Mr. Martinez fails to meet his burden of establishing jurisdiction to proceed in federal court.

### III. THE COURT RECOMMENDS THAT THE DISTRICT JUDGE DISMISS MARTINEZ'S COMPLAINT FOR A LACK OF SUBJECT-MATTER JURISDICTION.

In response to the Court's Show Cause Order, Mr. Martinez filed an 18-page response brief and a single exhibit totaling 176 pages. ECF No. 10. The exhibit includes random emails, documents from his state court case, printouts of articles from the internet, copies of Kansas statutes, copies of state court opinions, copies of Supreme Court Rules, and, finally, copies of federal statutes that, as discussed below, do not create a right to proceed in federal court.[1] ECF

---

[1] Mr. Martinez's response also purports to ask the Court to reconsider its denial of his motion for appointment of counsel. ECF No. 10 at 16-18; *see also* ECF No. 9. However, Mr. Martinez has not properly made a separate motion for such relief. *See* D. Kan. Rule 7.1(a) ("All motions, unless made during a hearing or at trial, must be filed in writing with the clerk. A brief or memorandum must accompany all motions unless" one of the listed exceptions apply, none of which are present here); *see also Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 336 (D. Kan. 2020) ("Generally, requests for affirmative relief must be made by a motion,

3

No. 10-1. Even liberally construed, none of these documents satisfy Mr. Martinez's burden to establish a right to proceed in federal court.

    **A.**    **Diversity Jurisdiction**

Mr. Martinez has not and cannot plead diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state . . . ."). "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Middleton*, 749 F.3d at 1200. "To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, . . . courts must look to the face of the complaint, . . . ignoring mere conclusory allegations of jurisdiction . . . . The party seeking the exercise of jurisdiction in [their] favor must allege in [their] pleading the facts essential to show jurisdiction." *Penteco Corp. Ltd. P'ship,* 929 F.2d at 1521.

As explained in the Show Cause Order, ECF No. 8 at 5-7, Mr. Martinez affirmatively pled in his Complaint that he and Defendant are both citizens of the State of Kansas, which destroys diversity jurisdiction. ECF No. 1 at 2, §§ II(A)(1), II(A)(2)(a).[2] There is no basis for diversity

---

not raised in a response brief."). Although the Court is required to construe pro se filings liberally, he is not exempt from the requirement of filing a separate motion for reconsideration pursuant to D. Kan. Rule 7.3 and satisfying one of the three bases for reconsideration under D. Kan. Rule 7.3(b), which Mr. Martinez does not address. Mr. Martinez knows how to file such a motion because he filed a motion for reconsideration of the Court's order denying his motion for leave to file conventionally. ECF No. 11. The Court declines to address what is not properly before it and outside the bounds of what the Court instructed Mr. Martinez to do in the Show Cause Order. ECF No. 8 at 7 ("Any response to this Show Cause Order must provide sufficient factual allegations to establish the Court has jurisdiction").

    [2]    For a case in which diversity jurisdiction is alleged, the form complaint asks a pro se plaintiff to identify *either* that the defendant is a citizen *or* a corporation. Mr. Martinez,

jurisdiction when both parties are citizens of the same state. Based on the face of the Complaint, diversity jurisdiction does not exist here. Nothing in Mr. Martinez's response to the Show Cause Order requires a different conclusion. *See generally* ECF No. 10.

In Mr. Martinez's previous action, he similarly alleged the existence of diversity jurisdiction based on the same citizenship facts alleged here. The Court addressed these factual allegations and stated: "Martinez affirmatively pleads that both he and Judge Pickering are Kansas citizens. Because there is not complete diversity of citizenship, Martinez's Complaint does not allege facts sufficient to establish diversity jurisdiction." *Martinez*, No. 21-4083-JAR-ADM, ECF No. 7 at 7 (D. Kan. Dec. 8, 2021). The same conclusion is required here.

### B.    Federal-Question Jurisdiction

Just as with his failure to invoke federal-question jurisdiction in his previous lawsuit, Mr. Martinez fails to meet his burden to invoke federal-question jurisdiction over this action. Under 28 U.S.C. § 1331, federal-question jurisdiction must appear on the face of the complaint. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974); *see also* Fed. R. Civ. P. 8(a)(1) (a pleading must contain a short and plain statement of the grounds for the court's jurisdiction).

Mr. Martinez used this District's form complaint for pro se litigants. For a pro se plaintiff alleging "[j]urisdiction founded on grounds other than diversity," the form requires the pro se

---

however, states that Defendant Pickering is *both* "a citizen of the State of Kansas" *and* "a corporation incorporated under the laws of the State of Kansas and having its principal place of business in a State other than the State of which plaintiff is a citizen." ECF No. 1 at 2, § II(A)(2). Mr. Martinez does not plead any facts establishing that Defendant Pickering is somehow both a person and a corporation. Such an allegation is implausible and inconsistent with Mr. Martinez's central claim that Defendant Pickering is a Shawnee County District Judge. *See Lynn v. Brown*, 803 F. App'x 156, 159 (10th Cir.), *cert. denied*, 141 S. Ct. 848, 208 L. Ed. 2d 423 (2020) (in determining whether plaintiff met her burden to plead subject matter jurisdiction, the court takes as true only well pled factual allegations, that is, all allegations that are "plausible, non-conclusory, and non-speculative" (internal citations omitted)).

plaintiff to check the applicable boxes identifying which laws or statutes apply to the case. Mr. Martinez did not check any boxes and did not elsewhere identify a constitutional, treaty or federal statutory provision under which his claim arises. *See* ECF No. 1 at 3, § II(B). Instead, Mr. Martinez alleges that Defendant Pickering:

> Violated rules of court, failed to follow procedures of court, appointed me counsel that fail to act in professional conduct and withdraw from case without follow rules of court, filed petition without follow any of rules in doing that, corrupted court by action she and other parties have acted in code of conduct and ethics did not act in the color of laws and justice.

ECF No. 1 at 3, § III. In the relief sought by his action, Mr. Martinez again appears to invoke state law in that all he wants is for "[his] daughter to return home … have [the] Court hold [Defendant] accountable for her actions" and to note that there is "no amount of money that can replace the loss of time [he's] lost with [his] daughter." ECF No. 1 at 3-4. He acknowledges that he first sought an administrative remedy by applying to the "Kansas Commission of Judicial Conduct." *Id.* at 5.

The only arguable reference to federal law in Mr. Martinez's Complaint is in his description of his entitlement to recover monetary damages. He states that, "I leave it up to this honorable Court to make the action to be Justice as Laws and Civil Rights Require for the Abuse and Loss my family has felt by action of Judge Pickering." *Id.* (capitalization and phrasing original). Again, there is no citation or additional reference to what possible civil rights law could provide the relief he seeks in this action.

In addition to his six-page form complaint, Mr. Martinez filed 306 pages of exhibits, in violation of the Rules of this Court.[3] Although the Court construes pro se pleadings liberally and

---

[3] *See* D. Kan. Rule 5.1(f) ("Bulky or voluminous materials should not be filed in their entirety or incorporated by reference unless the court finds the materials essential and grants leave

6

holds them to a less stringent standard than formal pleadings drafted by lawyers, it is still Mr. Martinez's responsibility to "identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

But even a cursory review of these hundreds of pages reveals no basis to proceed in federal court. Mr. Martinez's exhibits include citations to and copies of various Kansas statutes regarding CINC proceedings. *See, e.g.*, ECF No. 1-1 at 2, 5-16, 33, 39-40, 57, 60. None of these state statutes establish federal-question jurisdiction. *See Jones v. Jones*, 741 F. App'x 604, 605 (10th Cir. 2018) ("[Plaintiff] alleges violations of or inadequacy of state law, and such allegations generally fail to state a federal due-process claim."). Mr. Martinez cites rules relating to judicial conduct and rules of procedure and evidence, none of which establish a basis for federal jurisdiction. *See, e.g.*, ECF No. 1-1 at 35, 58, 154-55, 198. Mr. Martinez cites to federal criminal statutes that again do not provide for a right to a civil action in federal court. *See, e.g.*, ECF No. 1-1 at 25, 27-28, 30, 32, 196, 200; *see also Jones*, 741 F. App'x at 605 ("Section 242 is a criminal statute, however, and as such it does not create a private civil cause of action."). Mr. Martinez also cites to the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, which again does not invoke federal-question jurisdiction. *See Roman-Nose v. New Mexico Dep't of Hum. Servs.*, 967

---

to file them. The court may strike any pleading or paper filed in violation of this rule."); *see also Clancy v. Miller*, 837 F. App'x 630, 634 (10th Cir. 2020), *cert. denied sub nom. Clancy v. Austin*, 141 S. Ct. 2504, 209 L. Ed. 2d 537 (2021) (district court did not abuse its discretion under D. Kan. Rule 5.1(f) when it refused to allow a former employee to file more than a thousand pages of medical records as an exhibit on summary judgment); *Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc.*, 781 F.3d 1226, 1230 (10th Cir. 2015) (it was well within the discretion of the district court to reject defendant's submission of over 700 pages of exhibits in opposition to a motion to dismiss).

F.2d 435, 437 (10th Cir. 1992) ("Plaintiff has no federal cause of action under the Federal Parental Kidnapping Act, 28 U.S.C. § 1738A.").

Finally, Mr. Martinez vaguely referenced his unspecified due process and civil rights throughout the exhibits without any factual support. *See, e.g.*, ECF No. 1-1 at 19, 31-32, 200. None of these broad assertions create subject-matter jurisdiction over this lawsuit. It is not enough to simply refer to a federal statute to establish subject-matter jurisdiction. *Blume v. Los Angeles Superior Cts.*, 731 F. App'x 829, 830 (10th Cir. 2018) ("Here, Plaintiff's largely incoherent complaint listed numerous causes of action arising under federal law and the Constitution (i.e., 42 U.S.C. § 1983, 42 U.S.C. § 1985 and violations of the 1st, 6th, 7th, 8th, and 14th Amendments, and 'ADA of 1990'). Plaintiff's undeveloped assertions, however, are insufficient to establish a colorable claim arising under federal law."); *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (a "laundry list of statutes without any explanation of how they provide federal-question jurisdiction" does not satisfy Rule 8(a) or establish subject matter jurisdiction); *Adkins*, 2016 WL 5745550, at *2 ("[C]iting [a] number of a federal statute fails to establish subject matter jurisdiction on all accounts, even under the most liberal construction of plaintiff's Complaint."). Rather, the pleadings must allege sufficient facts to show that the plaintiff's cause of action arises under federal law. *Martinez*, 802 F.2d at 1280. Based on Martinez's Complaint and the exhibits, he has not shown this here.

Mr. Martinez's response brief to the Show Cause Order attempts to rehash all the reasons why he believes his daughter's CINC proceedings were improper. Throughout Mr. Martinez's response, he makes vague references to "fundamental rights" such as the right to be heard, his "right and liberty of property and family" and the right "for his family to stay together." *See, e.g.*, ECF No. 10 at 5, 10, 12, 14. Mr. Martinez makes broad statements such as "[i]n the Constitution

I says I have rights that [Defendant] has failed to give me in many ways" (ECF No. 10 at 3); that it is clear the state court did not follow the Constitution (ECF No. 10 at 14); and asks the Court to "uphold the laws of the USA." ECF No. 10 at 13. As explained above, broad assertions of Constitutional violations do not create subject-matter jurisdiction or satisfy Fed. R. Civ. P. 8(a).

In addition to his 18-page response, Mr. Martinez filed 176 pages of exhibits, which again violates this Court's Local Rules. *See* D. Kan. Rule 5.1(f). But even a cursory review of all these pages, some of which appears duplicative of the 306 pages Mr. Martinez improperly filed with his Complaint, reveals no basis to proceed in federal court.

Mr. Martinez's exhibits include duplicative citations to and copies of various Kansas statutes on the Kansas Code for Care of Children. *See, e.g.*, ECF No. 10-1 at 41-61, 79-153. As explained above, none of these state statutes establish federal-question jurisdiction. Mr. Martinez attaches documents that describe the right to be heard in a criminal justice proceeding and his right to counsel. *See, e.g.*, ECF No. 10-1 at 38-40, 154-56. But Mr. Martinez's rights to participate and to counsel in his daughter's CINC proceedings fall under Kansas law, not federal law, or the 6th Amendment. *See* K.S.A § 38-2241(b); K.S.A § 38-2205(b); *see also Shophar v. City of Olathe*, No. 15-CV-4961-DDC-KGS, 2016 WL 4761852, at *6 (D. Kan. Sept. 13, 2016) (right to counsel in CINC proceedings does not create a private right to assert a federal cause of action).

Mr. Martinez also includes what appears to be a description of the right to liberty, privacy and family under the Universal Declaration of Human Rights from the Icelandic Human Rights Centre. *See* ECF No. 10-1 at 62-73. But the Universal Declaration of Human Rights is not a law of the United States that can be enforced in federal court. *See Chen v. Ashcroft*, 85 F. App'x 700, 705 (10th Cir. 2004) ("the Universal Declaration of Human rights is merely a resolution of the United Nations" and is not "binding on the United States or on [the] court"). Finally, Mr. Martinez

simply includes the rules governing a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. ECF No. 10-1 at 161-76. But a writ of habeas corpus "has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982).

While Mr. Martinez may be unhappy with or wish to challenge the state court decision regarding his parental rights, that challenge does not invoke federal-question jurisdiction. *See Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *1-2 (D. Kan. Apr. 30, 2019) (in reviewing a pro se plaintiff's allegations seeking to "set aside a state child support judgment and ongoing matter against him in Georgia," the court held that "to the extent they are decipherable, they fail to show any basis for federal subject-matter jurisdiction. And even if some basis for federal jurisdiction could be conjured out of the federal rights listed by Plaintiff in the complaint and the Attachment, the allegations fail to state any cognizable claim upon which relief can be granted."). Accordingly, the undersigned recommends to the District Judge that Mr. Martinez's Complaint be dismissed for lack of subject-matter jurisdiction.

## IV.     CONCLUSION

For the reasons explained above, the court recommends that the District Judge dismiss this case because the Court lacks subject-matter jurisdiction.

\*          \*          \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this Report and Recommendation within fourteen days after being served with a copy. If he fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff Dion Lee Martinez's Complaint be dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk's Office mail this Report and Recommendation to Plaintiff via certified U.S. Mail.

**IT IS SO ORDERED.**

Dated: June 21, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge